UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEONARD STANDIFER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-884-PPS-MGG |
| MARK SEVIER, and WEXFORD, | |
| Defendants. | |

OPINION AND ORDER

Leonard Standifer, a prisoner without a lawyer, filed a complaint against two defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Standifer alleges he may have contracted a staph infection from an inmate who was being treated for a staph infection. Standifer states he is being treated for his infection, but believes it might have been prevented if the other inmate had been quarantined. According to the U.S. National Library of Medicine, Staphylococcal Infections are treated with antibiotics. Though it is communicable and can be spread by

sharing towels, clothing, and other objects, there is no mention of quarantine as a routine treatment. *See* https://medlineplus.gov/staphylococcalinfections.html.

Standifer names two defendants: Warden Mark Sevier and medical service company Wexford. He does not say what (if anything) Warden Sevier knew about him or the other inmate. He does not explain how either defendant was involved with violating his constitutional rights. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore this complaint does not state a claim.

Nevertheless, Standifer may file an amended complaint if he has additional facts explaining why anyone is personally responsible for a constitutional violation related to his Staph Infection. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS Leonard Standifer until **July 26, 2019**, to file an amended complaint and CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on June 25, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT