UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD STANDIFER,

    Plaintiff,

v.                               CAUSE NO. 3:18-CV-884-DRL-MGG

MARK SEVIER and WEXFORD,

    Defendants.

OPINION & ORDER

Leonard Standifer, a prisoner without a lawyer, filed an amended complaint against two defendants alleging he contracted a staphylococcal infection (staph) from a fellow inmate who was being treated for a staph infection. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his original complaint, Mr. Standifer sued the same two defendants: Warden Mark Sevier and the medical service company, Wexford. He alleged they were liable because the inmate with a staph infection should have been quarantined. When the court screened the original complaint, he was told that he had not alleged how either defendant was involved with violating his constitutional rights and that quarantine was not an accepted method for controlling the spread of staph infections.

In the amended complaint, Mr. Standifer has merely repeated the same allegations against the same two defendants in different words. Basically, he alleges the Warden and Wexford knew there was an inmate in his unit who had staph because that inmate was being treated for it by medical

personal employed by Wexford. He alleges they knew staph is a communicable disease, but they did not quarantine that inmate and as a result he got staph too. Mr. Standifer was treated for his infection, but is suing because he believes he would not have gotten it if the other inmate had been quarantined.

The Centers for Disease Control and Prevention (CDC) website explains that staph "is transmitted most frequently by direct skin-to-skin contact or contact with shared items or surfaces (e.g., towels, used bandages) that have come into contact with someone else's infected site." https://www.cdc.gov/niosh/topics/mrsa/default.html. The CDC recommends covering the wound, washing hands, not sharing personal items, and talking to a doctor. *Id.* The CDC does not recommend quarantine as a treatment for staph. Indeed, it states that infected workers "should not be routinely excluded from going to work. Exclusion from work should be reserved for those with wound drainage ("pus") that cannot be properly covered and contained with a clean, dry bandage and for those who cannot maintain good hygiene practices." *Id.*

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

Here, based on the allegations in the complaint and the CDC recommendations, there is no indication the fellow inmate with staph would have been restricted from going to work if he were a free citizen. As such, allowing him to live in the same unit with Mr. Standifer while receiving medical treatment is not an objectively sufficiently serious risk that offends contemporary standards of decency. The amended complaint does not state a claim, and this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 19, 2020                                       *s/ Damon R. Leichty*
                                                   Judge, United States District Court